# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| INTERNATIONAL INSTITUTE OF MANAGEMENT,<br><br>Plaintiff(s),<br><br>v.<br><br>ORGANIZATION FOR ECONOMIC COOPERATION AND DEVELOPMENT, et al,<br><br>Defendant(s). | Case No. 2:18-CV-1748 JCM (GWF)<br><br>ORDER |

Presently before the court is plaintiff International Institute of Management's ("IIM") motion for leave to file excess pages. (ECF No. 32). Defendants Organization for Economic Cooperation and Development ("OECD") and Joseph Stiglitz (collectively "defendants") did not file a response and the time to do so has passed.

Also before the court is IIM's motion for leave to file surreply to Stiglitz' motion to dismiss. (ECF No. 38). Defendants did not file a response and the time to do so has passed.

Also before the court is IIM's motion for leave to file surreply to OECD's motion to dismiss. (ECF No. 39). Defendants did not file a response and the time to do so has passed.

**I.    Facts**

This is a copyright infringement action arising from OECD and Stiglitz' alleged publication of a report in 2009 defining a solution to an economic problem that is substantially similar to a solution that IIM published in two earlier works of authorship. (ECF No. 1). According to the complaint, OECD and Stiglitz' published the report without citing IIM's works or receiving permission from IIM. *Id*. IIM also alleges that OECD published a "Better Life Index" that relied on the solution in the 2009 report without citing IIM's works. *Id*.

**James C. Mahan**
**U.S. District Judge**

On September 10, 2018, IIM filed a complaint, asserting four causes of action: (1) copyright infringement; (2) vicarious and/or contributory copyright infringement; (3) unfair competition; and (4) false advertising in violation of the Lanham Act. *Id*.

On January 22, 2019, OECD and Stiglitz filed separate Rule 12 motions to dismiss. (ECF Nos. 19, 21). The relevant parties filed responsive briefs. (ECF Nos. 33, 34, 35, 36). Now, IIM requests that the court extend the page limit for its response briefs and for leave to file surreplies. (ECF Nos. 32, 38, 39).

**II.    Legal Standard**

Local Rule LR 7-2 provides that surreplies "are not permitted without leave of court[.]" LR 7-2(b). "[M]otions for leave to file a surreply are discouraged." *Id.* Courts in this district have held that the "[f]iling of surreplies is highly disfavored, as it typically constitutes a party's improper attempt to have the last word on an issue . . ." *Smith v. United States*, No. 2:13-cv-039-JAD-GWF, 2014 WL 1301357, at *5 (D. Nev. Mar. 28, 2014) (citing *Avery v. Barsky*, No. 3:12-cv-00652-MMD, 2013 WL 1663612 (D. Nev. Apr. 17, 2013)). Only the most exceptional or extraordinary circumstances warrant permitting a surreply to be filed. *See Sims v. Paramount Gold & Silver Corp.*, No. CV 10-356-PHX-MHM, 2010 WL 5364783, at *8 (D. Ariz. 2010) (collecting cases).

**III.    Discussion**

IIM requests the court's leave to file response briefs that are up to 35 pages in length. (ECF No. 32). Because IIM has already filed its response briefs, which are in compliance with the page limit set forth in Local Rule 7-3(b), the court will deny as moot IIM's motion.

The court next considers IIM's motions for leave to file surreply.

*a. Surreply to Stiglitz' motion to dismiss*

IIM argues that the court should grant leave to file a surreply "because Stiglitz' reply brief includes inaccuracies." (ECF No. 38). IIM's proposed brief merely rehashes arguments that the parties raised in prior briefs. *See* (ECF No. 38-1). This is nothing more than an "improper attempt to have the last word on an issue . . ." *Smith*, 2014 WL 1301357, at *5. Accordingly, the court will not grant leave to file surreply to Stiglitz' motion to dismiss.

James C. Mahan
U.S. District Judge

- 2 -

*b. Surreply to OECD's motion to dismiss*

IIM argues that the court should grant leave to file surreply because after IIM filed its response the United States Supreme Court issued an opinion in *Jam v. Int'l Fin. Corp.*, 139 S.Ct. 759 (2019) that addresses an issue pertinent in this litigation. (ECF No. 39). Good cause appearing, the court will grant leave for IIM to file its surreply. The court will not consider any portion of the brief that does not pertain to the recent Supreme Court holding.

**IV. CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that IIM's motion for leave to file excess pages (ECF No. 32) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that IIM's motion for leave to file surreply (ECF No. 38) be, and the same hereby is, DENIED.

IT IS FURTHERE ORDERED that IIM's motion for leave to file surreply (ECF No. 39) be, and the same hereby is, GRANTED, consistent with the foregoing.

DATED March 21, 2019.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge