# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| INTERNATIONAL INSTITUTE OF MANAGEMENT,<br><br>Plaintiff(s),<br><br>v.<br><br>ORGANIZATION FOR ECONOMIC COOPERATION AND DEVELOPMENT, et al,<br><br>Defendant(s). | Case No. 2:18-CV-1748 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant Joseph Stiglitz' motion to dismiss. (ECF No. 19). Plaintiff International Institute of Management ("IIM") filed a response (ECF No. 33), to which Stiglitz replied (ECF No. 35).

Also before the court is defendant Organization for Economic Cooperation and Development's ("OECD") motion to dismiss. (ECF No. 21). IIM filed a response (ECF No. 34), to which OECD replied (ECF No. 37). IIM also filed a surreply (ECF No. 44), to which OECD responded (ECF No. 47).

**I.  Facts**

This is a copyright infringement action in which IIM alleges that the OECD, a Paris-based intergovernmental organization for economic research and policy, and Stiglitz, a Nobel laureate and professor of economics at Columbia University, allegedly stole credit for IIM's work on using non-GDP factors to measure the well-being of countries. (ECF No. 1).

IIM is a small, Nevada think tank that publishes economics papers on the internet. *Id*. In 2005, IIM published a two-page paper titled "Gross National Well-being (GNW) Index" ("2005 paper"). *Id*. The 2005 paper generally discusses the idea of using non-GDP factors to measure

**James C. Mahan**
**U.S. District Judge**

the well-being of countries and provides seven factors that such an index might use. (ECF No. 23-2). The 2005 paper does not show how to use these factors to measure a country's well-being. *Id*.

In 2006, IIM published a second paper titled "The American Pursuit of Unhappiness" ("2006 paper"). (ECF No. 1). The 2006 paper is six pages long and generally discusses why a nation's happiness should be measured with non-GDP factors. (ECF No. 23-3). The paper also elaborates on non-GDP factors that various measurement approaches might use. *Id.* Like the 2005 paper, the 2006 paper does not provide any solution on how to measure the well-being of countries with non-GDP factors. *Id*.

The OECD's Commission on the Measurement of Economic Performance and Social Progress (the "commission") conducts research on measuring the well-being of countries. (ECF No. 1). Stiglitz, who is a resident of New York, is the chairman of the commission and substantially contributed to various reports and articles that the commission published. *Id*.

In 2009, the commission published a 291-page report titled "Report by the Commission on the Measurement of Economic Performance and Social Progress" ("2009 report"). (ECF Nos. 1, 23-4). Twenty-two commissioners, five of whom are Nobel laureates, wrote the 2009 report, which discusses the limits of GDP as an indicator of economic performance. (ECF No. 23-4). The report also extensively addresses problems with various measurement techniques and how to improve upon existing methods to determine the well-being of countries. *Id*.

In 2011, the OECD created the Better Life Index, which uses non-GDP factors to measure the well-being of countries. (ECF No. 23-5). The OECD published the index on the internet on an interactive website that millions of people have used to compare the well-being of countries. *Id*. According to the complaint, Stiglitz is also selling a book on Amazon.com which contains material from IIM's copyright protected works. (ECF No. 1). IIM alleges that the 2009 report, the Better Life Index, and Stiglitz' book infringe on its copyrights in the 2005 and 2006 papers. *Id*.

On September 10, 2018, IIM initiated this action, asserting four causes of action: (1) copyright infringement; (2) vicarious and/or contributory copyright infringement; (3) unfair

**James C. Mahan**
**U.S. District Judge**

competition; and (4) false advertising in violation of the Lanham Act. *Id.* Now, OECD and Stiglitz move to dismiss the complaint. (ECF Nos. 19, 21).

**II.      Legal Standard**

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss a complaint for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). To avoid dismissal under Rule 12(b)(2), a plaintiff bears the burden of demonstrating that its allegations establish a *prima facie* case for personal jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Allegations in the complaint must be taken as true and factual disputes should be construed in the plaintiff's favor. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Boschetto*, 539 F.3d at 1015; *see also Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Where a state has a "long-arm" statute providing its courts jurisdiction to the fullest extent permitted by the due process clause, as Nevada does, a court need only address federal due process standards. *See Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 134 P.3d 710, 712 (Nev. 2006) (citing Nev. Rev. Stat. § 14.065); *see also Boschetto*, 539 F.3d at 1015.

An assertion of personal jurisdiction must comport with due process. *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012). Two categories of personal jurisdiction exist: (1) general jurisdiction; and (2) specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–15 (1984); *see also LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

General jurisdiction arises where a defendant has continuous and systematic ties with the forum, even if those ties are unrelated to the litigation. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006) (citing *Helicopteros Nacionales de Columbia, S.A.*, 466 U.S. at 414–16). "[T]he plaintiff must demonstrate the defendant has sufficient contacts to constitute the kind of continuous and systematic general business contacts that approximate physical presence." *In re W. States Wholesale Nat. Gas Litig.*, 605 F. Supp. 2d 1118, 1131 (D.

**James C. Mahan**
**U.S. District Judge**

- 3 -

Nev. 2009) (internal quotation marks and citations omitted). In other words, defendant's affiliations with the forum state must be so "continuous and systematic" as to render it essentially "at home" in that forum. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

Specific jurisdiction arises where sufficient contacts with the forum state exist such that the assertion of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co.*, 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The Ninth Circuit has established a three-prong test for analyzing an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* (citations omitted).

### III. Discussion

As a preliminary matter, the court notes that the complaint refers to various publications that the litigants published. *See* (ECF No. 1). Defendants have provided these publications to the court and IIM has not disputed their authenticity. (ECF Nos. 22, 23). Therefore, the court will consider those documents pursuant to the doctrine of incorporation by reference. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (holding that the doctrine of incorporation by reference applies to documents that plaintiffs do not attach to their complaint). The court now proceeds to determine whether it has personal jurisdiction over the defendants.

*a. General jurisdiction.*

A court has general jurisdiction over parties that are "at home" in the forum state. *See Daimler*, 571 U.S. at 137 (describing the general jurisdiction analysis for corporations). "For an

James C. Mahan
U.S. District Judge

- 4 -

individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U.S. 915, 924 (2011). Stiglitz is not domiciled in Nevada because he lives and works in New York. *See* (ECF No. 1). Therefore, the court does not have general jurisdiction over Stiglitz.

For a corporation, "the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *See Daimler*, 571 U.S. at 137 (citation omitted). A corporation may also be subject to general jurisdiction in a forum where it has engaged in "substantial, continuous, and systematic courses of business" so as to render it "at home" in that forum. *Id*. at 137–38. The court does not have general jurisdiction over the OECD because Nevada is not its place of incorporation or principal place of business. *See* (ECF No. 1). The OECD also does not have continuous and systematic contact with Nevada. *See id*.

b. *Specific jurisdiction*

IIM's last resort to avoid dismissal under rule 12(b)(2) is to demonstrate that its allegations establish a *prima facie* case for specific jurisdiction. *See Boschetto*, 539 F.3d at 1015. To establish a *prima facie* case, ATM must satisfy the first two prongs of the test for specific jurisdiction. *See Schwarzenegger*, 374 F.3d at 802.

i. *Purposeful direction*

The first prong requires that the defendant either purposefully directed its activities at residents of the forum or purposefully availed itself of the privilege of doing business in the forum. *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012). Because copyright infringement actions sound in tort, the Ninth Circuit requires a plaintiff to establish purposeful direction under the *Calder*-effects test. *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1228–32 (9th Cir. 2011) (applying the *Calder*-effects test to a copyright infringement claim); *but see Freestream Aircraft (Bermuda) Limited v. Aero Law Group*, 905 F.3d 597, 604 (9th Cir. 2018) (limiting the *Calder*-effects test to conduct that takes place outside the forum state).

Under the *Calder*-effects test, a plaintiff must show that the defendant (1) committed an intentional act; (2) expressly aimed at the forum state; and (3) the defendant knew that the brunt

of the harm was likely to be suffered in the forum state. *Washington Shoe Co. v. A–Z Sporting Goods, Inc.*, 704 F.3d 668, 673 (9th Cir. 2012).

IIM argues that the defendants intentionally aimed their acts at Nevada by operating the Better Life Index on a website, selling a book with allegedly infringing materials on Amazon.com, and publishing the 2009 report online. (ECF Nos. 33, 34). However, merely uploading materials on a passive website and placing products in the stream of commerce are not affirmative acts that directly target Nevada. *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129 (9th Cir. 2010); *see also Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997).

The court further notes that the complaint does not contain any allegations of specific conduct related to Nevada other than IIM's contacts with the forum. *See* (ECF No. 1). Because defendants generally aimed their conduct at the United States and the world, the alleged harm would have occurred wherever IIM resided. Thus, holding that the defendants aimed their conduct at Nevada would "impermissibly allow a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis." *Walden v. Fiore*, 571 U.S. 277, 289 (2014).

*ii. Forum-related Activities*

The second prong of the specific jurisdiction analysis requires that the plaintiff's claim arise out of the defendant's forum-related activities. *Schwarzenegger*, 374 F.3d at 802. This inquiry turns on whether the plaintiffs would not have been injured "but for" the defendant's forum-related activities. *See Panavision*, 141 F.3d at 1322; *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). Activities that are "too attenuated" do not satisfy the but-for test. *Doe v. American Nat'l Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997).

Defendants allegedly harmed IIM by publishing the 2009 report online, selling a book on Amazon.com, and maintaining a website with the Better Life Index. (ECF No. 1). These acts do not constitute forum-related activities because their only connection to this forum is that IIM coincidentally resides in Nevada. Therefore, IIM's claims did not arise from defendants' forum-related activities.

. . .

James C. Mahan
U.S. District Judge

*iii. Reasonableness*

To determine if the exercise of jurisdiction comports with "fair play and substantial justice," and is therefore "reasonable," the court considers the following seven factors:

> (1) the extent of the [defendant's] purposeful injection into the forum state's affairs;
> (2) the burden on the defendant of defending in the forum;
> (3) the extent of conflict with the sovereignty of the defendant's state;
> (4) the forum state's interest in adjudicating the dispute;
> (5) the most efficient judicial resolution of the controversy;
> (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and
> (7) the existence of an alternative forum.

*Dole Food Co. v. Watts*, 303 F.3d 1104, 1114 (9th Cir. 2002). "No one factor is dispositive; a court must balance all seven." *Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998).

Litigating in Nevada would be remarkably burdensome because Stiglitz resides in New York and the OECD's United States branch is in Washington, D.C. Forcing defendants to travel to a distant forum to adjudicate an action based on activities that largely occurred on the internet would be inefficient and costly. Moreover, nothing in the record indicates that evidence and witnesses are in Nevada other than the few individuals that work at IIM. Indeed, considering that defendants have not injected themselves into Nevada, this action should be litigated in another forum.

**IV. Conclusion**

The court does not have personal jurisdiction over the OECD and Stiglitz because they did not purposefully direct their activities at Nevada and IIM's claims did not arise from forum-related activities. Even if the OECD and Stiglitz had minimum contacts in Nevada, exercising jurisdiction would be unreasonable. Therefore, the court will dismiss this action without prejudice.

. . .

. . .

. . .

. . .

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Stiglitz' motion to dismiss (ECF No. 19) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that the OECD's motion to dismiss (ECF No. 21) be, and the same hereby is, GRANTED, consistent with the foregoing.

The clerk shall enter judgment accordingly and close the case.

DATED June 20, 2019.

_____
UNITED STATES DISTRICT JUDGE